**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

JAMES ARTHUR JUDD AND THE
ESTATE OF KEVIN BOWENS                                                                    PLAINTIFFS

VS.                                                             CIVIL ACTION NO. 4:16-cv-119-DMB-JMV

STATE OF MISSISSIPPI, ET AL.                                                              DEFENDANTS

## ORDER GRANTING MOTION TO REQUIRE SPECIFIC REPLY TO DEFENDANTS' QUALIFIED IMMUNITY DEFENSE

Before the court is Defendants' Motion for More Definite Statement to Require Specific Reply to Defendants' Qualified Immunity Defense [40], filed on May 23, 2017. There has been no response to the motion, and the Plaintiff's time for responding has passed. For the reasons stated below, the court finds the motion is well-taken and should be granted.

Plaintiffs filed their amended complaint on March 23, 2017 [17], alleging that Defendants, employees of the Mississippi Department of Corrections (MDOC), failed to protect former MDOC inmate Kevin Bowens from harm from other inmates, resulting in his death. Defendants have since filed their Answers ([31] and [35]), along with a Motion to Dismiss Official Capacity Claims Based on Eleventh Amendment Immunity [37].[1]

The Fifth Circuit has instructed that:

> [w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

*Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). "Faced with sparse details of claimed wrongdoing by officials, trial courts ought to routinely require plaintiffs to file a reply under

---

[1] In light of the immunity motion being filed, on May 22, 2017, an order staying case [39] pursuant to Local Uniform Civil Rule 16(b)(3)(B) was entered. The order provided that the stay is in effect pending a ruling on the immunity motion [37]. Thus, to the extent that the present motion [40] seeks a stay, such request for relief is denied as moot.

Federal Rule of Civil Procedure 7(a) to qualified immunity defenses." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). "Vindicating the immunity doctrine will ordinarily require such a [Rule 7] reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434. When a government official pleads the affirmative defense of immunity in his answer, *Schultea* "requires that a plaintiff allege with particularity those facts necessary to overcome" the immunity defense. *Jordan v. Wright*, 2008 WL 4279576, *3 (S.D. Miss. Sept. 12, 2008) (quoting *Meekins v. Thompson*, 2001 WL 422831, *2 (5th Cir. Apr. 4, 2001)).

In this case, the amended complaint fails to provide precise and specific factual allegations of any specific action alleged to have been taken by Defendants. At no time in Plaintiffs' amended complaint do Plaintiffs make a single, specific allegation against a single, specific Defendant. Each allegation is made against all Defendants in a generic and non-specific fashion. Accordingly, the court finds that requiring a Rule 7(a) reply in accordance with *Schultea* is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff shall file a specific and particular reply to the affirmative qualified immunity defense asserted by Defendants within fourteen (14) days of the date of this order.

**SO ORDERED**, this the 13th day of June, 2017.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE