IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES ARTHUR JUDD and**                                                         **PLAINTIFFS**
**THE ESTATE OF KEVIN BOWENS**

**V.**                                                                                         **NO. 4:16-CV-119-DMB-JMV**

**STATE OF MISSISSIPPI, et al.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on the motion to dismiss filed by Marshall Fisher, Jerry Williams, Earnest Lee, Timothy Morris, Brenda Cox, Tara Roland, and Ella Foster. Doc. #37.

### I
### Procedural History

On June 10, 2016, James Arthur Judd, as a wrongful death beneficiary and administrator of the estate of Kevin Bowens, filed a complaint in this Court against numerous persons and entities, including the State of Mississippi and the Mississippi Department of Corrections ("MDOC"). Doc. #1. The complaint alleged that the defendants acted with negligence and violated the constitutional rights of Bowens, a former inmate at the Mississippi State Penitentiary, by failing to protect Bowens from an attack by a fellow inmate which resulted in Bowens' death. *Id.*

On February 7, 2017, the State and MDOC filed a joint answer asserting various affirmative defenses, including sovereign immunity. Doc. #10. The same day, the State and MDOC filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. #11.

On March 23, 2017, Judd, with leave of the Court, filed an amended complaint. Doc. #17. The amended complaint includes the same general allegations but adds as defendants the following past and former employees of MDOC: Christopher Epps, Marshall L. Fisher, Archie Longley, Jerry Williams, Earnest Lee, Timothy Morris, Brenda Cox, Tara Roland, Ella Foster, Jeran Turner, Tavarius Walls, and Kimberly Williams. *See id*. at ¶ 5.

MDOC, Cox, Fisher, Lee, Morris, Roland, the State, and Williams, answered the amended complaint on April 25, 2017. Doc. #31. Foster filed a separate answer on May 9, 2017. Doc. #35.

On May 10, 2017, this Court granted the State and MDOC's motion to dismiss. Doc. #36. Twelve days later, Cox, Fisher, Foster, Lee, Morris, Roland, and Williams ("moving defendants") filed a motion to dismiss the official capacity claims brought against them. Doc. #37. Judd did not respond to the motion.

## II
## Relevant Standards

The moving defendants, invoking Rules 12(b)(1) and 12(b)(6)[1] of the Federal Rules of Civil Procedure, seek dismissal of the official capacity claims on the grounds that they are protected by sovereign immunity and that they are not "persons" within the meaning of 42 U.S.C. § 1983. Doc. #38. The first of these defenses implicates Rule 12(b)(1). *See Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the [federal] court of jurisdiction, … claims barred by sovereign immunity can be dismissed only

---

[1] The motion to dismiss is brought under Rule 12(b)(6) but is properly characterized as a motion for judgment on the pleadings because all of the moving defendants have filed answers. *See Dorward v. Ramirez*, No. 3:09-cv-18, 2009 WL 2777880, at *3 n.4 (N.D. Tex. Aug. 28, 2009) ("Although Waste Management states that it moves to dismiss under both Rule 12(b)(6) and Rule 12(c), the court will construe the motion as made under Rule 12(c) because it was filed after Waste Management filed an answer."). Nevertheless, "[a] motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

under Rule 12(b)(1) and not with prejudice."). However, the second defense – that the moving defendants are not "persons" within the meaning of § 1983 – concerns a plaintiff's ability to state a claim, thus mandating a Rule 12(b)(6) inquiry. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (§ 1983 claim against non-person supplied supplemental jurisdiction); *Fontana v. Paeste v. Gov't of Guam*, 798 F.3d 1228, 1234 (9th Cir. 2015) ("Three circuits have held that whether a party is a person under § 1983 is not a jurisdictional question, but rather a statutory one. We agree and so hold.") (internal quotation marks and alterations omitted).

### A. Rule 12(b)(1)

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may dismiss for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

### B. Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Turner v. Lt. Driver*, 848 F.3d 678, 685 (5th Cir. 2017).

### III
### Analysis

As explained above, Judd appears to assert against the moving defendants state law claims based in negligence and federal claims through the vehicle of § 1983. The moving defendants seek dismissal of all claims on the grounds of sovereign immunity and that § 1983 does not authorize suits against states or state entities.

Where, as here, a defendant raises sovereign immunity alongside an argument that a federal cause of action does not permit an action against the states, the United States Supreme Court has "routinely addressed *before* the question whether the Eleventh Amendment forbids a particular statutory cause of action to be asserted against States, the question whether the statute itself *permits* the cause of action it created to be asserted against States ...." *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779 (2000). Accordingly, the Court first will consider whether the § 1983 claims against the moving defendants must fail because the moving defendants are not persons under § 1983. *See id.*; *Taylor v. Wexford Med.*, No. 15-2395, 2017 WL 1194177, at *4 (D. Md. Mar. 30, 2017) ("[T]the Court must turn first to the statutory argument that [the defendant] is not a 'person' within the meaning of § 1983.") (citing *Stevens*).

### A. "Persons" under § 1983

Section 1983 authorizes suits for damages against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws ...." "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."[2] *Will*, 491 U.S. at 71. Additionally, state agencies are

---

[2] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

4

not persons for the purpose of § 1983. *Cronen v. Tex. Dep't of Human Servs.*, 977 F.2d 934, 936 (5th Cir. 1992).

Because MDOC is a state agency, its employees in their official capacities are not "persons" within the meaning of § 1983. *Chandler v. Epps*, No. 3:14-cv-603, 2016 WL 1183605, at *3 (S.D. Miss. March 25, 2016). Accordingly, the motion to dismiss will be granted in this regard.

## B. State Sovereign Immunity

"State sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005). As a result of this immunity, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."[3] *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015).

Courts have consistently held that MDOC is an arm of the state and therefore also protected by sovereign immunity. *See Fields v. Fisher*, No. 1:15-cv-241, 2017 WL 1015011, at *2 (S.D. Miss. Mar. 15, 2017) ("It is well established that [MDOC] is an arm of the State of Mississippi and cloaked with the State's Eleventh Amendment immunity from suit.") (collecting cases). Accordingly, the official capacity claims against the moving defendants, who are all past or former employees of MDOC, must be dismissed unless the state has waived its sovereign immunity or Congress has clearly abrogated it. *Paxton*, 804 F.3d at 393–94.

---

[3] A third exception established in *Ex Parte Young*, 209 U.S. 123, 155–56 (1908), allows a plaintiff to bring "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Judd does not seek declaratory relief in this action.

While the state of Mississippi has waived some aspects of its sovereign immunity in the Mississippi Tort Claims Act, that law specifically provides that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Miss. Code Ann. § 11-46-5(4). And, "§ 1983 does not abrogate state sovereign immunity." *Paxton*, 804 F.3d at 394. No other potential waiver or abrogation is suggested by the record. Accordingly, the moving defendants are entitled to sovereign immunity as to all claims against them in their official capacities.

## IV
## Conclusion

For the reasons above, the moving defendants' motion to dismiss [37] is **GRANTED**. The claims brought against the moving defendants in their official capacities are **DISMISSED**.

**SO ORDERED**, this 6th day of October, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**