IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES ARTHUR JUDD and**     **PLAINTIFFS**
**THE ESTATE OF KEVIN BOWENS**

**V.**     **NO. 4:16-CV-119-DMB-JMV**

**STATE OF MISSISSIPPI, et al.**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on the motion to dismiss filed by Marshall Fisher, Jerry Williams, Earnest Lee, Timothy Morris, Brenda Cox, Tara Roland, and Ella Foster. Doc. #45.

### I
### Procedural History

On June 10, 2016, James Arthur Judd, as a wrongful death beneficiary and administrator of the estate of Kevin Bowens, filed a complaint in this Court against numerous persons and entities, including the State of Mississippi and the Mississippi Department of Corrections ("MDOC"). Doc. #1. The complaint alleged that the defendants acted with negligence and violated the constitutional rights of Bowens, a former inmate at the Mississippi State Penitentiary, by failing to protect Bowens from an attack by a fellow inmate which resulted in Bowens' death. *Id.*

On February 7, 2017, the State and MDOC filed a joint answer asserting various affirmative defenses, including sovereign immunity. Doc. #10. The same day, the State and MDOC filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. #11.

On March 23, 2017, Judd, with leave of the Court, filed an amended complaint. Doc. #17. The amended complaint includes the same general allegations but adds as defendants the following past and former employees of MDOC: Christopher Epps, Marshall L. Fisher, Archie Longley, Jerry Williams, Earnest Lee, Timothy Morris, Brenda Cox, Tara Roland, Ella Foster, Jeran Turner, Tavarius Walls, and Kimberly Williams. *See id*. at ¶ 5.

MDOC, Cox, Fisher, Lee, Morris, Roland, the State, and Jerry Williams, answered the amended complaint on April 25, 2017. Doc. #31. Foster filed a separate answer on May 9, 2017. Doc. #35. Both answers assert qualified immunity as a defense to Judd's action. Doc. #31; Doc. #35.

On May 10, 2017, this Court granted the State and MDOC's motion to dismiss. Doc. #36. Twelve days later, Cox, Fisher, Foster, Lee, Morris, Roland, and Jerry Williams ("moving defendants") filed the instant motion to dismiss the official capacity claims brought against them. Doc. #37. Judd did not respond to the motion.

On May 23, 2017, the moving defendants filed a motion to compel a specific response to their qualified immunity defenses. Doc. #41. United States Magistrate Judge Jane M. Virden granted the motion on June 13, 2017, and directed Judd to file a "specific and particular reply" to the qualified immunity defenses within fourteen days. Doc. #42. Judd filed the ordered reply on June 27, 2017, "as to Tara Rowland, Ella Foster, and Earnest Lee." Doc. #44.

On July 5, 2017, the moving defendants filed a motion to dismiss the individual capacity claims asserted against them. Doc. #45. Judd did not respond to this motion either.

On October 6, 2017, this Court entered an order granting the motion to dismiss the official capacity claims. Doc. #48.

# II
# Relevant Standard

The moving defendants seek dismissal of Judd's claims on the basis of qualified immunity under Federal Rule of Civil Procedure 12(b)(6).

As a general matter, 12(b)(6) relief is unavailable where a moving party has filed a responsive pleading, such as an answer. *Young v. City of Houston*, 599 F. App'x. 553, 554 (5th Cir. 2015). However, because "[t]he standard for dismissal under Rule 12(c) is the same as that for failure to state a claim under Rule 12(b)(6)," *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017), a district court may treat a post-answer 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings, *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

To survive a motion for judgment on the pleadings, a complaint and reply to an answer, if ordered,[1] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bailey*, 860 F.3d at 291. The pleadings meet this standard when they "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In making this determination, a court must "view all facts and inferences in the light most favorable to the nonmoving party." *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). When the motion raises the defense of qualified immunity, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm alleged and that defeat a qualified immunity defense with equal specificity." *Id*. (alterations omitted).

# III
# Factual Allegations

During the summer of 2013, Kevin Bowens and Roderick Lewis were housed in separate

---

[1] *See* Fed. R. Civ. P. 7(a).

single-man cells in the maximum security/administrative segregation area of Unit 29 at the Mississippi State Penitentiary. Doc. #17 at ¶¶ 7, 9, 11. Under prevailing prison policy, a maximum security/administrative segregation prisoner must be strip searched before exiting his cell. *Id*. at ¶ 12.

On June 11, 2013, Roland was an officer in charge of Unit 29. Doc. #44 at ¶ 1; Doc. #17 at ¶¶ 18, 20–21. Two of the officers under Roland's command, "Trainee Walls" and "Trainee Turner," failed to properly search Lewis before allowing Lewis out of his cell and thus failed to discover a knife which was hidden on Lewis' person. Doc. #44 at ¶ 1. After Lewis exited his cell, he was able to gain "unauthorized access" to Bowens because Foster, at an unknown time, opened a doorway. *Id*. at ¶ 2. Lewis, who had a history of violence while incarcerated, stabbed Bowens while both inmates were in the hallway of Unit 29.[2] Doc. #17 at ¶¶ 18, 20–21. Bowens died later that day. *Id*. at ¶ 23. At the time of Bowens' death, Earnest Lee was the Superintendent for the Mississippi State Penitentiary, with supervisory responsibilities over Roland and Foster. Doc. #44 at ¶ 3.

# IV
## Analysis

As explained above, Judd appears to assert against the moving defendants state law claims based in negligence and federal claims through the vehicle of § 1983. *See* Doc. #17 at ¶ 1 ("Compensatory and punitive damages are sought against the State, and its employee prison officials, involved in the wrongful death, negligence, state law policy violations, and violation of Plaintiff's Eighth and Fourteenth Amendment Rights under the United States Constitution."). While the moving defendants' motion to dismiss seeks dismissal of all individual claims, the

---

[2] The amended complaint alleges the stabbing occurred on June 1, 2013. Doc. #17 at ¶ 20. However, the various other allegations in the amended complaint make clear this is a typographical error.

memorandum only addresses claims brought under § 1983. *See generally* Doc. #46. Accordingly, the motion to dismiss will be denied to the extent it seeks dismissal of Judd's state law claims. *See Null v. Easley*, No. 4:09-cv-296, 2009 WL 3853765, at *6 (N.D. Tex. Nov. 18, 2009) ("Without specific arguments addressing the claims for conversion, theft, and constructive trust, analyzing the allegations, or lack thereof, in light of the governing substantive law, the Court will not order these claims dismissed.").

Regarding the § 1983 claims, Judd alleges that Roland failed to properly supervise Walls and Turner; Lee failed to properly train and supervise Roland and Foster; and that Foster "was derelict in her duties" when she opened the doorway which allowed Lewis to "gain unauthorized access" to Bowens. The moving defendants argue that the claims brought against them must fail on their merits but that even if they do not, the claims must be dismissed on the ground of qualified immunity. Because this Court concludes that Judd's claims fail on their merits, it need not reach the specific issue of qualified immunity.

### A. Cox, Morris, Williams, and Fisher

As an initial matter, neither the amended complaint nor the reply make any specific allegations against Cox, Morris, Jerry Williams, or Fisher. Accordingly, the Court deems Judd's § 1983 claims against Cox, Morris, Jerry Williams, and Fisher to be abandoned. The motion to dismiss will be granted as to these claims.

### B. Lee and Roland

"In a § 1983 claim for failure to supervise or train, the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cty.*, 571 F.3d 388,

395 (5th Cir. 2009) (quotation marks omitted). To act with deliberate indifference, the supervisory employee must have "disregarded a known or obvious consequence of his action." *Davidson v. City of Stafford*, 848 F.3d 384, 397 (5th Cir. 2017). The moving defendants argue that the claims against Roland and Lee must fail because the allegations of failure to train and failure to supervise are conclusory. Doc. #46 at 5.

To survive a motion to dismiss "on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective." *Waters v. City of Hearne*, 629 F. App'x 606, 610 (5th Cir. 2015) (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)) (quotation marks and alterations omitted). Neither Judd's amended complaint nor his reply allege how the training of Roland or Foster was defective. Accordingly, the failure to train claim brought against Lee must be dismissed.

With regard to the failure to supervise claims, the Fifth Circuit has made clear that "conclusory allegations that … defendants failed to properly … supervise staff with regard to inmate searches" do not state a claim for supervisory liability. *Silva v. Moses*, 542 F. App'x 308, 311 (5th Cir. 2013). Because Judd has offered nothing more than conclusory allegations that Roland and Lee "failed to properly supervise," these claims must fail. *See id.*; *Peterson v. Creany*, 680 F. App'x 692, 696 (10th Cir. 2017) (allegation that supervisory defendant "failed to properly supervise his staff" constituted "naked assertions devoid of further factual enhancement which are insufficient to allow the reasonable inference that [the defendant] incurs liability under § 1983") (quotation marks omitted).

### C. Foster

As to Foster, Judd alleges:

Ella Foster was derelict in her duties, and such dereliction resulted in the wrongful death of Kevin Bowen. Ella Foster opened a doorway which allowed Roderick

6

> Lewis, who had a blade on his person, to run through the doorway and gain unauthorized access to Kevin Bowen. Ella Foster's actions in allowing Roderick Lewis unauthorized access to Kevin Bowen resulted in an attack on Kevin by Roderick by stabbing and the wrongful death of Kevin Bowen.

Doc. #44 at ¶ 2. In essence, Judd alleges that Foster failed to protect Bowens from harm.

"[A] prison official violates the Eighth Amendment only when two requirements are met:" (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the official must have acted, or not acted, with "deliberate indifference to inmate health or safety." *Williams v. Hampton*, 797 F.3d 276, 280 (5th Cir. 2015) (quotation marks omitted). The moving defendants argue that Judd has not alleged that Foster acted with deliberate indifference.

To establish deliberate indifference, a prisoner must allege that a defendant (1) was "aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn;" and (2) "actually drew an inference that such potential for harm existed." *Rogers v. Boatright*, 709 F.3d 403, 407–08 (5th Cir. 2013). Here, Judd merely alleges that, at an unspecified time, Foster wrongfully opened a doorway and that, as a result, Lewis was able to attack Bowens. However, Judd does not allege any facts which would have suggested to Foster that opening the door, whether wrongful or not, posed an excessive risk to Bowens' health or safety. Judd has not even alleged that Foster even saw Bowens or Lewis at the time she opened the door. In the absence of such allegations, the Court must conclude that Judd has failed to adequately allege deliberate indifference on the part of Foster and that, therefore, Judd's § 1983 claims against Foster must be dismissed. *See Morgan v. Brown*, No. 1:17-cv-425, 2017 WL 2833394, at *1, 3 (E.D. Cal. June 30, 2017) (allegation that guard left door unlocked, allowing attack, insufficient standing alone to allege deliberate indifference).

# V
# Conclusion

For the reasons above, the moving defendants' motion to dismiss the individual capacity claims brought against them [45] is **GRANTED in Part and DENIED in Part**. The motion is denied to the extent it seeks dismissal of the state law claims asserted against the moving defendants. The motion is granted to the extent it seeks dismissal of Judd's § 1983 claims asserted against the moving defendants.

**SO ORDERED**, this 3rd day of November, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**