# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JAMES ARTHUR JUDD and**                                                      **PLAINTIFFS**
**THE ESTATE OF KEVIN BOWENS**

**V.**                                                                                             **NO. 4:16-CV-119-DMB-JMV**

**STATE OF MISSISSIPPI, et al.**                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on the motion to dismiss filed by Marshall Fisher, Jerry Williams, Earnest Lee, Timothy Morris, Brenda Cox, Tara Roland, and Ella Foster. Doc. #50.

## I
## Procedural History

On June 10, 2016, James Arthur Judd, as a wrongful death beneficiary and administrator of the estate of Kevin Bowens, filed a complaint in this Court against numerous persons and entities, including the State of Mississippi and the Mississippi Department of Corrections ("MDOC"). Doc. #1. The complaint alleged the defendants acted with negligence and violated the constitutional rights of Bowens, a former inmate at the Mississippi State Penitentiary, by failing to protect Bowens from a June 2013 attack by a fellow inmate resulting in Bowens' death. *Id.*

On February 7, 2017, the State and MDOC filed a joint answer asserting various affirmative defenses, including sovereign immunity. Doc. #10. The same day, the State and MDOC filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. #11.

On March 23, 2017, Judd, with leave of the Court, filed an amended complaint. Doc. #17.

The amended complaint includes the same general allegations but adds as defendants the following past and former employees of MDOC: Christopher Epps, Marshall L. Fisher, Archie Longley, Jerry Williams, Earnest Lee, Timothy Morris, Brenda Cox, Tara Roland, Ella Foster, Jeran Turner, Tavarius Walls, and Kimberly Williams. *See id*. at ¶ 5.

MDOC, Cox, Fisher, Lee, Morris, Roland, the State, and Jerry Williams answered the amended complaint on April 25, 2017. Doc. #31. Foster filed a separate answer on May 9, 2017. Doc. #35.

On May 10, 2017, this Court granted the State and MDOC's motion to dismiss. Doc. #36. Twelve days later, Cox, Fisher, Foster, Lee, Morris, Roland, and Jerry Williams ("moving defendants") filed a motion to dismiss the official capacity claims brought against them. Doc. #37. Judd did not respond to the motion. On July 5, 2017, the moving defendants filed a motion to dismiss the individual capacity claims asserted against them. Doc. #45. Judd did not respond to this motion either.

On October 6, 2017, the Court entered an order granting the motion to dismiss the official capacity claims. Doc. #48. Approximately one month later, the Court granted the moving defendants' motion to the extent it sought dismissal of the federal claims. Doc. #49. However, citing inadequate briefing, the Court denied the motion to the extent it sought dismissal of the state law claims. *Id*. at 4–5.

On November 6, 2017, the moving defendants filed a motion to dismiss the state law claims brought against them. Doc. #50. Judd did not respond to this motion.

## II
## Relevant Standards

The moving defendants seek dismissal of the state law claims brought against them in their individual capacities under Federal Rule of Civil Procedure 12(b)(6), and dismissal of the state

2

law claims brought against them in their official capacities under Rule 12(b)(1). Because this Court has already dismissed the state law claims brought against the moving defendants, the Rule 12(b)(1) motion will be denied as moot.

As a general matter, 12(b)(6) relief is unavailable where a moving party has filed a responsive pleading, such as an answer. *Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015). However, because "[t]he standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)," *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017), a district court may treat a post-answer 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings, *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

To survive a motion for judgment on the pleadings, a complaint and reply to an answer, if ordered,[1] "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bailey*, 860 F.3d at 291. The pleadings meet this standard when they "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In making this determination, a court must "view all facts and inferences in the light most favorable to the nonmoving party." *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). When the motion "raises the defense of qualified immunity, the plaintiff must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm alleged and that defeat a qualified immunity defense with equal specificity." *Id*. (quotation marks and alterations omitted).

### III
### Analysis

The moving defendants argue that, under the Mississippi Tort Claims Act ("MTCA"),

---

[1] *See* Fed. R. Civ. P. 7(a)(7) (allowing "if the court orders one, a reply to an answer.").

Judd's state law negligence claim must be dismissed as untimely and for failure to comply with the relevant notice requirements.

The MTCA, which governs suits against public officials acting within the scope of their employment, includes a one-year statute of limitations. *Univ. of Miss. Med. Ctr. v. Oliver*, 235 So.3d 75, 81 n.3 (Miss. 2017). As a general rule, a "statute of limitations begins to run when all the elements of a tort, or cause of action, are present." *Weathers v. Metro. Life Ins. Co.*, 14 So.3d 688, 692 (Miss. 2009) (quotation marks omitted).

There can be no serious dispute that any claims arising from the June 2013 attack accrued in June 2013, if not before. Accordingly, the MTCA's one-year statute of limitations expired in June 2014, more than two years before the filing date of this action. Therefore, Judd's state law claims are time barred and must be dismissed.

## IV
## Conclusion

For the reasons above, the moving defendants' motion to dismiss the state law claims brought against them [50] is **GRANTED in Part and DENIED in Part as moot**. The motion is granted to the extent it seeks dismissal of the state law claims asserted against the moving defendants in their individual capacities. The motion is denied as moot to the extent it seeks dismissal of the state law claims asserted against the moving defendants in their official capacities. A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 5th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**